| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 21, 2010 |
| EASTERN DISTRICT OF NEW YORK | Hearing Time: 1:30 p.m. |

-------------------------------------------------------x

| In re: | Chapter 11 |
| Riverhead Park Corp., | Case No.09-78152-reg |
| Debtor. | |

-------------------------------------------------------x

## LIMITED OBJECTION TO DEBTOR'S
## AMENDED PLAN OF REORGANIZATION

54, LLC and Parlex Investors, LLC respectfully submit this limited objection to the confirmation of the Amended Plan of Reorganization filed by Riverhead Park Corp. ("Debtor"), and allege as follows:

1. 54, LLC and Parlex Investors, LLC hold the first mortgage on the real property owned by the Debtor and consisting of nearly 13 acres of unimproved commercial real property located at Old Country Road, Riverhead, New York, District 0600, Block 119.00, Lot 23.001 (the "Property"). The principal balance of the mortgage is $5,000,000.00 and the current balance is approximately $6,200,000. The Debtor's principals Laurence Oxman and Stanley Blumenstein personally guaranteed the mortgage note.

2. 54, LLC and Parlex Investors, LLC cooperated with the Debtor in the sale of the Property, including advancing $15,000 to cover the cost of marketing the Property. At the auction sale on May 26, 2010, 54, LLC and Parlex Investors, LLC was the successful bidder having credit bid $3,450,000. 54, LLC and Parlex Investors, LLC have agreed to pay an additional $5000 to the Debtor to aid in confirmation of the Amended Plan of Reorganization. 54, LLC and Parlex Investors, LLC are prepared to close on the sale of the Property when an order confirming the Amended Plan is final.

3. 54, LLC and Parlex Investors, LLC object to the language in Article X of the

Amended Plan which states that there is no deficiency in the amount owed to 54, LLC and Parlex Investors, LLC and that therefore 54, LLC and Parlex Investors, LLC have no legal basis to pursue the Debtor's principals on their guarantee. The Amended Plan also states that the personal guarantees shall survive confirmation. Debtor's counsel intends to raise this issue at the confirmation hearing and have this Court agree that 54, LLC and Parlex Investors, LLC have no legal basis to pursue the guarantors. 54, LLC and Parlex Investors, LLC request that any order confirming the Amended Plan state that confirmation does not release the guarantors and is without prejudice to any action that 54, LLC and Parlex Investors, LLC may bring against the guarantors. Any purported release of the guarantors is improper because it has no impact on property of the estate, the administration of this case, or consummation of the Debtor's Amended Plan of Reorganization. In *In re Johns-Manville Corporation*, 517 F.3d 52, 66 (2d Cir. 2008), *vacated and remanded on other grounds*, 129 S.Ct. 2195 (2009), the Second Circuit held that a bankruptcy has jurisdiction to enjoin claims against non-debtor parties only if those claims directly affect property of the bankruptcy estate. The Debtor must demonstrate that the release of third party guarantors is justified because it plays an important part in the debtor's reorganization plan. *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 f.3d 136, 141 (2d Cir. 2005). In this case, 54, LLC and Parlex Investors, LLC claim against the Debtor's principals does not affect property of the estate. The plan provides for sale of the Property to 54, LLC and Parlex Investors, LLC and any claim that 54, LLC and Parlex Investors, LLC may have against the guarantors will not change or affect that sale. Those claims also do not play an important part in the Debtor's reorganization plan. This is a plan of liquidation and 54, LLC and Parlex Investors, LLC are contributing money in order for the Debtor to make a distribution to unsecured creditors. 54, LLC and Parlex Investors, LLC funded

the marketing of the Property and 54, LLC and Parlex Investors, LLC was the successful bidder at the sale in an amount far below what is owed to 54, LLC and Parlex Investors, LLC. Any rights that 54, LLC and Parlex Investors, LLC may have against the guarantors plays no role in the Debtor's reorganization, because there will be no reorganization. It is also inequitable to punish 54, LLC and Parlex Investors, LLC after they cooperated with the Debtor, funded the marketing of the Property, and contributed money to pay other creditors.

4. The Debtor in the language in Article X of the Amended Plan state that the guarantees shall survive, but also states that 54, LLC and Parlex Investors, LLC have no legal basis to pursue the guarantees. Article VIII of the Debtor's Amended Disclosure Statement states that the guarantees shall be released. 54, LLC and Parlex Investors, LLC object to any release of the guarantees of the Debtor's principals and request that this Court hold that nothing in the Amended Plan or the Amended Disclosure Statement prejudices the right of 54, LLC and Parlex Investors, LLC to pursue the Debtor's principals on the guarantees.

Wherefore, it is respectfully requested that this Court find that the guarantees of the Debtor's principals of the mortgage note held 54, LLC and Parlex Investors, LLC are not released by the Debtor's Amended Plan or Amended Disclosure Statement, together with such other relief as is just and proper.

Dated: Brooklyn, New York
      July 14, 2010

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for 54, LLC and Parlex Investors, LLC

   /s/
By: Bruce Weiner (BW-4730)
26 Court Street, Suite 2211
Brooklyn, New York 11242
Tel. No. (718) 855-6840